UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        - v. -

ELVIS TREJO,
a/k/a "Po Po,"

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:    CONSENT PRELIMINARY ORDER
     OF FORFEITURE/
:    MONEY JUDGMENT
:
:    S7 22 Cr. 293 (JPO)
:
:

WHEREAS, on or about September 12, 2023, ELVIS TREJO (the "Defendant"), among others, was charged in eight counts of a forty-six count Superseding Indictment, S7 22 Cr. 293 (JPO) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); attempted murder and assault with a dangerous weapon in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3), (a)(5), and 2 (Count Thirty-Three); discharge of a firearm in connection with a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2 (Count Thirty-Four); assault with a dangerous weapon in aid of racketeering, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2 (Count Forty-One); Hobbs Act Robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Count Forty-Two); discharge of a firearm in connection with a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2 (Count Forty-Three); narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Forty-Four); and firearms use, carrying, and possession in connection with a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Forty-Five);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Section 1963, of any and all interests the defendants acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about January 30, 2025, the Defendant pled guilty to Counts One, Thirty-Three, and Forty-One through Forty-Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, a sum of money equal to $100,000 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $100,000 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Kevin Mead, of counsel, and the Defendant and his counsel, Patricia A. Pileggi, Esq., that:

1.  As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $100,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant ELVIS TREJO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.  All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.  The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.  Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.    The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By:    /s/ Kevin Mead                                    12/9/2025
       Kevin Mead                                        DATE
       Assistant United States Attorney
       26 Federal Plaza
       New York, NY 10278
       (212) 637-2211


ELVIS TREJO


By:    _Elvis Trejo_____                     12.11.2025
       Elvis Trejo                                       DATE


By:    _Patricia A. Pileggi_____                    12.11.2025
       Patricia A. Pileggi, Esq.                         DATE
       Attorney for Defendant
       ArentFox Schiff LLP
       1301 Avenue of the Americas
       42nd Floor
       New York, NY 10019


SO ORDERED:
_____                              Dec. 12, 2025
HONORABLE J. PAUL OETKEN                                  DATE
UNITED STATES DISTRICT JUDGE